(Superior Court of Cincinnati.)
Special Term, 1881.

## JOHN LARNEY, EX PARTE, HABEAS CORPUS.

In extraditions to a fugitive from justice, the guilt or innocence of the prisoner is not the question, but under the constitution the question simply is, that the prisoner be duly charged with crime in the demanding state. On habeas corpus therefore, proof of an alibi is not admissible, but proof that the prisoner while he committed the crime was not actually but only constructively in the demanding state is admissible.

HARMON, J.

The question in this case arises upon the motion of the sheriff's counsel to exclude certain testimony introduced by the prisoner in support of the allegation in his reply to the sheriff's answer that he is not a fugitive from justice, and did not flee from the state of Illinois, but was not present in that state at the time when he is charged in the requisition of the Governor of that state, and the indictment and affidavit accompanying it, with having committed therein, the crime of grand larceny, and that therefore the Governor of Ohio, had no authority to issue the warrant upon which he is in custody.

The question is a double one. What is it competent for the prisoner to prove in such a case, and does the evidence tend to prove it? It is broadly contended for the prisoner, that the fact of his being a fugitive from justice, in the sense of having fled from the demanding state on purpose to avoid the consequences of his conduct there, is jurisdictional, and that, therefore, if it appear that there was no evidence of that fact before the Governor when he issued the warrant, it is void, while if there was such evidence, it is open to be rebutted by the prisoner in this proceeding. The propositions followed to their logical results would abolish all limitation to the inquiry to be made by the court upon habeas corpus in such cases. While it is settled that the question of the prisoner's guilt or innocence can not as such be raised, because all the constitution requires for his extradition is, that he be duly charged with crime in the demanding state; yet, if the actual fact that he fled from justice in the sense contended for, be the basis of the Governor's jurisdiction to surrender him, and not the fact that he is charged with actual criminal presence in the demanding state, and demanded as having left it before he could be arrested, why may he not prove his innocence as bearing upon the question of his having fled and being a fugitive from justice? If he committed no crime, how can he be a fugitive from justice? If he merely left the state, not having offended its laws, and not even aware that he was charged with so doing, how can it be said that he fled from it? The constitution refers to "a person charged * * * with crime who shall flee from justice," while the act of 1793, R. S. U. S., 5278, provides for the surrender of any person "demanded as a fugitive from justice," as does our act of March 3, 1875. The argument of prisoner's counsel would require the very strict construction of the constitution, that it refers only to those who flee with hot foot because already charged or about to be charged with crime. But such has not been the ruling of courts nor the opinion of jurists. It is sufficient if the person "withdraws himself without waiting to abide the consequences of his conduct." Matter of Voorheis, 3 Vroom, 147. Judge Cooley, in Princeton Review, 7 A. L. Rec., 722.

The framers of the constitution naturally used language which described the ordinary conduct of guilty persons in such cases, yet it can not be doubted that they intended it to cover any case of voluntary withdrawal of physical presence however deliberate, and although in fact occasioned by other motive than fear of prosecution, where its effect is to escape prosecution. They certainly did not refer to a person not actually, but only constructively present in the demanding state. The language is not "a person charged, etc , in one state and found in another," but "who shall flee and be found." Wilcox v. Nolze, 34 Ohio St., 520.

Upon the case just named, the prisoner's counsel mainly relied, and some of the language of the opinion, considered without reference to the question under discussion, would perhaps bear the construction that the absolute fact of actual presence of the prisoner in the demanding state at the time of the alleged offense and flight therefrom, is jurisdictional and always open to disproof. But when it is considered that in the same opinion it is said as to the questions open to inquiry, "nor have the courts larger powers in these respects than the Governor;" that in Work v. Corrington, p. 64 of the same volume, it is held, that when requisition is made, "and the case shown to be within the provisions of the constitution and act of congress, no discretion is vested in the Governor, but it is his imperative duty to issue the warrant:" and that in Ex parte Sheldon, p. 319 id., it was held that "an alleged fugitive, etc., will not be discharged on the ground that there was no evidence before the executive issuing the warrant showing that the fugitive had fled from the demanding state to avoid prosecution;" "that it was for the executive to put a construction upon the language" of the affidavit before him upon this subject; we are bound to understand the court as meaning that where it is made clearly to appear, not that there is greater testimony for the prisoner than for the demanding state, upon the issue of his having been present in that state when charged with so being, but that the prisoner is not really charged with having been actually present there at all, or really demanded as a fugitive in the sense of the constitution, but only as constructively present and a

fugitive, the Governor has no jurisdiction. The court found that there was "no conflict in the testimony that Nolze's statements were all made in this state,"referring to the statements alleged to have been false pretenses, upon which he was charged with obtaining goods from a firm in New York. It appears that the court had before it all the papers and proofs upon which the Governor had acted, yet there was no conflict upon this question. The prisoner was probably merely charged in those papers as in ex parte Sheldon,with being a fugitive—a mere legal conclusion.

But suppose there had been a conflict in the testimony. Suppose the papers and proofs upon which the Governor acted had specifically charged that Nolze had made, in the state of New York, the false statement with which he was charged, that he had been there and afterward came to Ohio. Did the court mean to say that upon the production by the prisoner of a preponderance of evidence to the contrary, the jurisdiction of the Governor would cease and the prisoner become entitled to his discharge? I do not think so. The prisoner was permitted, not to disprove what was proven on behalf of the demanding state,but to prove something which did not appear before the Governor, which took away his power to act. I do not understand the court as dissenting from the well settled law, (see Wharton on Criminal Pleadings and Proceedings, sec. 35, No. 6; Spear on Extradition,p. 303,) that the averments of the indictment and affidavit can not be contradicted by parol. I do not think the Governor's jurisdiction depends upon the uncertain and varying judgment of the many courts to which the prisoner may appeal by habeas corpus upon a question of weight of evidence. Even if the same evidence were presented, courts might differ as to the side having the preponderance. The ultimate power of determination must rest somewhere, and the policy of the law requires that it be with the Governor.

When the prisoner is demanded as having committed a crime, while actually in another state, as having placed himself beyond the reach of prosecution therefor, by withdrawing his presence, and the evidence duly presented by the Governor of such state sustains those facts, our Governor's jurisdiction attaches, and certainly does not shift and re-shift by any subsequent conflict of evidence; though the prisoner's rights are fully protected by the Governor's right to revoke his warrant. Work v. Corrington, 34 Ohio St., 64.

But if I am mistaken, and the supreme court mean to announce the broad rule that it is always open to the prisoner,not merely to show upon habeas corpus what I have just indicated, but to overcome, by evidence,the proof made against him, the evidence sought to be excluded here does not go far enough to entitle him to invoke the principle of that case.

The indictment charges that the prisoner committed the crime of grand larceny at Galesburg, Ill. on July 3, 1879. The accompanying affidavit avers, that on or about July 4, 1879,he fled from that state to this. The crime charged is one requiring his actual presence at the place of commission. He is not sworn in general terms to be a fugitive, which might include construction by the witness, but to have fled from that state to this at or about certain time. The depositions and the prisoner's own testimony are to the effect that during the whole of the 3rd and 4th days of July, 1879, he was in Cleveland, O.,his home. He says he arrived there at 6 a. m.,on the former day, whence he does not state. There is no evidence that he never was in Illinois, not even that he was not there about the time laid in the indictment and mentioned in the affidavit. For aught that appears he may have been there on the 1st of July, or the 6th. He does not apply his evidence to the material portions of the charge against him, as Nolze did. He does not show that he was not in Illinois when the money was stolen which he is charged with stealing. He does not contradict the affidavit that he fled from that state on or about July 4, 189. He assails only the immaterial part of the charge in the indictment, the time laid, variance as to which even upon trial would be immaterial. [Roscoe's Crim. Ex.,page 100; Wharton's Crim. Ex., sec. 103.] Nor does he make it appear, the evidence does not even suggest the possibility, that an effort is being made to extradite him upon the theory of his constructive presence at the commission of the crime.

While the fact that the evidence offered might be competent upon his trial to prove an alibi is no objection to its use for another legitimate purpose here, yet the fact that it tends to prove nothing but a mere alibi is fatal to it.

The suggestion that a guilty person may escape extradition by showing that he did the guilty acts in another than the demanding state, while a person fully prepared to show his innocence may be taken if the evidence be excluded, has eight now. Extradition does not depend upon actual guilt, but upon flight from a charge of guilt, and if in showing he never was present in the demanding state and never fled therefrom, he shows he was guilty somewhere, as in case of Nolze, it is a mere incident.

The motion will be granted, and the prisoner remanded to the sheriff's custody to be dealt with according to law.

(Motion for leave to file petition in error overruled by Supreme Court, 1881.)